IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
CENTRAL DIVISION

| | |
|---|---|
| SUSANNE HUNT, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 08-4029-CV-C-NKL |
| | ) |
| U.S. BANK NATIONAL ASSOCIATION, | ) |
| | ) |
| Defendant. | ) |

**ORDER**

This case involves a third-party complaint brought in Missouri state court by Plaintiff Susanne Hunt ("Hunt") (previously defendant/third-party plaintiff) against Defendant U.S. Bank National Association ("U.S. Bank") (previously third-party defendant) for state-law breach of contract (Count I) and for violations of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692(f) (Count II). U.S. Bank removed only the third-party claim to this Court, leaving the remainder of the case before the Circuit Court of Boone County, Missouri. Currently pending is Defendant's Motion to Dismiss [Doc. # 5] and Plaintiff's Motion to Remand [Doc. # 7]. The Court grants the motion to remand.

U.S. Bank admits that its basis for removal was Hunt's FDCPA claim, which the Court dismissed on March 19, 2008. The only remaining issue in this case is Hunt's state breach-of-contract claim. It is well-settled that, in situations like this, the Court not only retains supplemental jurisdiction over the remaining state-law claims, it also has discretion

1

to remand.  *See Quinn v. Ocwen Fed. Bank FSB*, 470 F.3d 1240, 1248-49 (8th Cir. 2006); *Lindsey v. Dillard's Inc.*, 306 F.3d 596, 599 (8th Cir. 2002); *see also* 28 U.S.C. § 1367.  In determining whether to exercise supplemental jurisdiction, the Court considers several factors, including "judicial economy, convenience, fairness, and comity."  *Krambeck v. Children & Families of Iowa, Inc.*, 451 F. Supp. 2d 1037, 1043 (S.D. Iowa 2006) (quoting *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350 n.7 (1988)).  "Normally, when the federal claims are disposed of before trial, these factors will lead a court to decline to exercise supplemental jurisdiction over the state law claims."  *Id.* (citing *Carnegie-Mellon Univ.*, 484 U.S. at 350 n.7); *see also Nelson v. Hennepin County Med. Ctr.*, No. 06-1865, 2007 WL 2695647, at *2 (D. Minn. Sept. 11, 2007) ("In general, a federal district court is not the proper forum for litigating purely state-law disputes between residents of the same state.").

U.S. Bank asserts only three reasons against remand, none of which is persuasive.  First, U.S. Bank claims there is no judicial efficiency to remand because Hunt could reassert her federal claim in state court, thus allowing U.S. Bank to remove once again.  However, this Court has previously held that it is a legitimate tactical decision to include a federal claim in a state-court petition, dismissing it only after defendants remove to federal court.  *See Kelly v. Union Elec. Co.*, No. 07-4210, 2008 WL 53274, at *2 (W.D. Mo. Jan. 3, 2008) ("This Court agrees with the Ninth Circuit's analysis in *Baddie* [*v. Berkeley Farms, Inc.*, 64 F.3d 487, 491 (9th Cir. 1995),] that a plaintiff has a right to bring both his federal claims and state claims together in state court; a defendant may, but does not have to, remove to federal

2

court."). "It does not make sense to force a plaintiff to forgo his federal claims at the outset when he has a legitimate right to bring them in state court." *Id*. (citing *Baddie*, 64 F.3d at 491 ("[T]here would be little to be gained in judicial economy by forcing plaintiffs to abandon their federal causes of action before filing in state court.")). The remote possibility that Hunt *might* reassert her federal claim in this case (which is highly unlikely) does not justify the Court retaining jurisdiction.

Next, U.S. Bank claims that, as an out-of-state corporate defendant, it is potentially unfair for it to defend itself in Hunt's home county. The Court notes that neither side argues, and the record does not reflect, that the amount in controversy exceeds $75,000. By including the amount-in-controversy requirement, 28 U.S.C. § 1332 recognizes that there are situations, such as this one, where a defendant may not remove its case to federal court, despite complete diversity of citizenship. Moreover, U.S. Bank has made no showing that it will actually be prejudiced by defending itself in Missouri state court. Thus, U.S. Bank has failed to show remand is unfair.

Finally, U.S. Bank suggests that this Court should retain jurisdiction in the interests of convenience because it has already filed its notice of removal and has a pending motion to dismiss. However, that motion to dismiss now relates only to the state-law claim, which the Court believes is best handled by the Missouri court. Further, other than the pending motion to dismiss, this Court has had little involvement with the case. Remand inconveniences neither the parties nor the Court.

3

On the whole, the Court finds that the factors weigh heavily in favor of remand. U.S. Bank removed less than three months ago, on February 6, 2008. A scheduling order has not been entered and a trial date has not been set. As a result, the Court has had little involvement with the case up to this point. *See Kelly*, 2008 WL 53274, at *2 (citing *Nelson*, 2007 WL 2695647, at *2). More importantly, judicial economy, convenience and fairness are best served by rejoining this third-party complaint with the original state-court suit, allowing all state-law issues to be tried together. Therefore, the Court, in its discretion, declines to exercise supplemental jurisdiction and remands this action back to the Circuit Court of Boone County, Missouri.

Accordingly, it is hereby

ORDERED that Plaintiff Susanne Hunt's Motion for Remand [Doc. # 7] is GRANTED and the above-captioned case is remanded to the Circuit Court of Boone County, Missouri. It is further

ORDERED that Defendant U.S. Bank's Motion to Dismiss [Doc. # 5] remains pending, to be considered upon remand by the Circuit Court of Boone County, Missouri.

                                                    s/ NANETTE K. LAUGHREY
                                                    NANETTE K. LAUGHREY
                                                    United States District Judge

Dated: April 29, 2008
Jefferson City, Missouri